GURNEY P. HOOD, COMMISSIONER OF BANKS, v. HENRY B. HOOD.

(Filed 30 November, 1932.)

1. **Banks and Banking H a—Where defendant is guilty of laches in not repudiating stock subscription he may not escape statutory liability.**

Where upon appeal from the assessment of the statutory liability on bank stock the trial court finds the facts under agreement of the parties, and the court finds from the evidence that the stockholder was guilty of laches in failing to repudiate his stock subscription, the judgment of the court affirming the assessment will be upheld on appeal.

2. **Appeal and Error J c—Findings of fact supported by evidence are conclusive on appeal.**

Where the trial court finds as a fact from competent evidence that a party was guilty of laches in failing to repudiate his subscription to stock in a bank, such finding is conclusive on the Supreme Court on appeal.

APPEAL by defendant from *Sink, J.,* at February Term, 1932, of BUNCOMBE. Affirmed.

This is an appeal by the defendant, Henry B. Hood, from an assessment made and docketed in the office of the clerk of the Superior Court of Buncombe County, on 16 February, 1931, by the Corporation Commission of North Carolina, as authorized by statute, to enforce the statutory liability of the said Henry B. Hood, as a stockholder of the Central Bank and Trust Company, an insolvent banking corporation, organized under the laws of this State, and prior to 20 November, 1930, doing business at Asheville, N. C.

Since the docketing of said assessment, Gurney P. Hood, Commissioner of Banks, has succeeded to the rights of the Corporation Commission, under and by virtue of said assessment, chapter 243, Public Laws of North Carolina, 1931.

The appeal was tried at February Term, 1932, of the Superior Court of Buncombe County on the issues raised by the pleadings.

From judgment affirming the assessment docketed in the office of the clerk of the Superior Court of Buncombe County, by the Corporation Commission on 16 February, 1931, against the defendant he appealed to the Supreme Court.

*Johnson, Smathers & Rollins for plaintiff.*
*Harkins, Van Winkle & Walton for defendant.*

CLARKSON, J. On the question of laches to bar a recovery in actions of this kind, the following observation is made, citing numerous authorities, in *Chamberlain v. Trogden,* 148 N. C., at p. 141: "All the authorities, however, are to the effect that, in order to do so, the subscriber must act with promptness and due diligence, both in ascertaining the fraud and taking steps to repudiate his obligation."

The record discloses that "the parties have consented to waive a jury trial and that his Honor find the facts and his conclusions of law, and after hearing the testimony for the plaintiff and the defendant, the court finds the following facts," (setting same forth). . . . Upon the foregoing facts, the court found the following conclusions of law: That the defendant, Henry B. Hood, was guilty of laches in not repudiating the stock purchase transactions between 2 May, 1928, and 19 November, 1930," etc.

If there is sufficient competent evidence to support this finding of fact by the court, in regard to laches, this Court is bound by the findings as in a jury trial. There was competent evidence on the record for the court below to have found the facts either way. The court below found the facts that defendant was guilty of laches, and we are bound by the finding. See *Hood v. Martin, post,* 620. The judgment of the court below is

Affirmed.